UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF WASHINGTON

UNITED STATES OF AMERICA,

    Plaintiff,

    v.

ROBERT J. BRAUN,

    Defendant.

No. CR-13-0083-RHW

**ORDER ADDRESSING DEFENDANT'S PRETRIAL MOTIONS AND MEMORIALIZING THE COURT'S ORAL RULINGS**

Before the Court are a number of pretrial motions filed by Defendant: (1) Motion for Bill of Particulars, ECF No. 45; (2) Motion to Dismiss Wire Fraud Counts 1 to 25, ECF No. 46; (3) Motion in Limine Regarding Pre-Indictment Investments, ECF No. 47; (4) Motion to Dismiss or Merge Multiplicitous Counts, ECF No. 48; and (5) Motion to Continue Pretrial and Trial, ECF No. 51.

A pretrial conference was held on April 17, 2014, in Spokane, Washington. Defendant was present and represented by Robert M. Seines. Assistant United States Attorney K. Jill Bolton and Special Assistant United States Attorney Robert Kondrat represented the Government. The Court has reviewed the file, has heard from counsel, and is now fully informed. This order is also entered to memorialize and supplement the Court's oral rulings.

**1.    Defendant's Motion for Bill of Particulars**

Defendant moves the Court for an order requiring the Government to issue a

**ORDER ADDRESSING DEFENDANT'S PRETRIAL MOTIONS AND MEMORIALIZING THE COURT'S ORAL RULINGS * 1**

bill of particulars on all counts of the indictment. ECF No. 45. Specifically, Defendant suggests the Government should "state their theory of prosecution, as presented to the Grand Jury as to each count, and to provide us the facts supporting such theory." *Id.* Further, it is alleged that the counts and background information are devoid of facts that would satisfy "some" elements necessary to convict. *Id.* at 7.

The Government has responded,[1] and asks the Court to deny the motion, as Defendant impermissibly seeks a higher level of detail and specificity than contained in the indictment or required by statute or case law. ECF No. 50 at 3-6. The Government also points to the extensive discovery it has provided Defendant which includes: a detailed index to all of the documents provided and a spreadsheet with the dates and amounts of all investments. Furthermore, the Government responds to the assertion that the e-mails in the indictment are described generally by noting that they have provided the defendant with a detailed index to all of the e-mails that constitute the basis for the wire fraud and securities fraud counts. Finally, the Government conducted a reverse proffer whereby a PowerPoint presentation was utilized which outlined the evidence it intends to present at trial and theme of the case. *See* ECF Nos. 47 at 3 and 50 at 5.

A bill of particulars serves three functions:

(1)  To inform the defendant of the nature of the charge against him with sufficient precision to enable him to prepare for trial;

(2)  To avoid or minimize the danger of surprise at the time of trial, and;

(3)  To enable him to plead his acquittal or conviction in bar of another prosecution for the same offense when the indictment itself is too vague, and indefinite for such purposes.

---

[1] The Government submitted a combined response to Defendant's four pretrial motions. *See* ECF No. 50.

**ORDER ADDRESSING DEFENDANT'S PRETRIAL MOTIONS AND MEMORIALIZING THE COURT'S ORAL RULINGS * 2**

United States v. Giese, 597 F.2d 1170, 1180 (9th Cir. 1979) (citations omitted).

Ultimately, when a court is considering whether to order a bill of particulars, it "should consider whether the defendant has been advised adequately of the charges through the indictment and all other disclosures made by the government. United States v. Long, 706 F.2d 1044, 1054 (9th Cir. 1979) (citing Giese, 597 F.2d at 1180). When the Government provides full discovery there is no need for a bill of particulars. Id.

Here, the Government has adequately advised the Defendant of the charges against him through both the indictment and the discovery provided to him. See, e.g., Indictment, ECF No. 1 at ¶¶ 7-9, 20. Moreover, between the summaries, spreadsheets, the "reverse proffer" PowerPoint, and the indictment itself, Defendant cannot claim that he is unable to prepare for trial, nor can he claim that there is a danger of surprise at trial. Additionally, and after colloquy with the Government at the pretrial hearing, the Court is satisfied there are no false statements or material facts, outside of the indictment, upon which the Government intends to rely at trial as to both the wire fraud and securities fraud counts.

Consequently, Defendant's Motion for a Bill of Particulars is denied.

### 2.    Defendant's Motion to Dismiss Wire Fraud Counts 1 to 25

Defendant next asks the Court to dismiss Wire Fraud Counts 1-25. ECF No. 46. He argues the Indictment fails to allege that "lulling e-mails" were sent prior to completion of the scheme to defraud. Id. Relying on United States v. Tanke, 743 F.3d 1296, 1301 (9th Cir. 2014), Defendant submits that if the scheme to defraud has been fully executed, then future mailings, even if sent with the purpose to conceal, fall outside the wire fraud statute. Essentially, the Defendant is claiming that there is no allegation in the Indictment that "lulling" e-mails were sent as a part of his scheme to defraud.

The Government counters by demonstrating the Indictment does allege that

**ORDER ADDRESSING DEFENDANT'S PRETRIAL MOTIONS AND MEMORIALIZING THE COURT'S ORAL RULINGS * 3**

"lulling" e-mails were a part of the scheme to defraud, prior to its completion in 2012. ECF No. 50 at 6-7. As Paragraph 21 of the indictment states:

> [i]t was further part of the scheme and artifice to defraud that in order to conceal and continue his scheme to defraud, and to forestall investors from complaining to law enforcement authorities and government regulators, [the Defendant] **lulled and attempted to lull investors into a false sense of security**, by sending a series of interstate e-mails over a period of several months.

ECF No. 1 at ¶ 21.

"In ruling on a pre-trial motion to dismiss an indictment for failure to state an offense, the district court is bound by the four corners of the indictment." *United States v. Boren,* 278 F.3d 911, 914 (9th Cir. 2002). The court must accept the allegations in the indictment as true in determining whether a cognizable offense has been charged. *Id.* "A motion to dismiss the indictment cannot be used as a device for a summary trial of the evidence . . . . The [c]ourt should not consider evidence not appearing on the face of the indictment." *United States v. Jensen,* 93 F.3d 667, 669 (9th Cir. 1996) (quoting *United States v. Marra,* 481 F.2d 1196, 1199–1200 (6th Cir. 1973)).

Here, a cursory review of the indictment reveals that the Government adequately alleged the "lulling" e-mails were a part of the scheme to defraud as conceived by the Defendant. ECF No. 1 at ¶ 21. Although a factual dispute may exist as to the scope of the scheme to defraud, dismissal is not warranted on this basis, as such issues are questions for the jury to consider.

Accordingly, Defendant's Motion to Dismiss Wire Fraud Counts 1 to 25 is denied.

### 3. Defendant's Motion in Limine Re: Pre-Indictment Investments

Defendant also moves the Court to exclude or limit what he characterizes as "pre-indictment communications." ECF No. 47 at 5-9. Specifically, he seeks to exclude 2005-2008 e-mail communications and solicitations with investors. *Id.*

**ORDER ADDRESSING DEFENDANT'S PRETRIAL MOTIONS AND MEMORIALIZING THE COURT'S ORAL RULINGS * 4**

Specifically, Defendant wishes to exclude evidence of the timing between the solicitation of investments and the amounts on deposit in Defendant's bank accounts. *Id.* Defendant argues that evidence related to the amounts in his bank accounts, from the months of October 2005 through May 2008, and his e-mails and other solicitations to investors seeking funds during those months ("pre-indictment evidence"), should be excluded because it fails to meet the standard imposed by Fed. R. Evid. 404(b).

Additionally, or in the alternative, Defendant argues that the pre-indictment evidence should be excluded under Fed. R. Evid. 403. The Defendant asserts that admission of this evidence, particularly evidence relating to the correlation between Defendant's depleted bank accounts and his solicitations for additional investments, would be unfairly prejudicial to the Defendant. Further, Defendant argues that the probative value is outweighed by the potential of confusing the issues, misleading the jury, undue delay, wasting time, and needlessly presenting cumulative evidence.

The Government opposes the motion and asserts that the e-mails sent to investors between 2005 and 2008 (the purported "pre-indictment communications") do not constitute Rule 404(b) evidence. ECF No. 50 at 7-13. The Government contends that Defendant's pre-indictment communications and banking activity are within the scope of the scheme to defraud, as alleged in the Indictment (2005-2012), and are inextricably intertwined with the evidence related to the charged counts. Additionally, the Government responds to Defendant's claim of unfair prejudice under Rule 403 by asserting that there is no risk of "unfair" prejudice. The Government argues the pre-indictment evidence is relevant and not substantially outweighed by any of the dangers mentioned by Rule 403. Finally, the Government argues that Defendant has not shown the probative value of the pre-indictment evidence is substantially outweighed by any one of the

**ORDER ADDRESSING DEFENDANT'S PRETRIAL MOTIONS AND MEMORIALIZING THE COURT'S ORAL RULINGS * 5**

1  dangers stated in Rule 403.

2        In the instant case, the Court finds the pre-indictment evidence concerning

3  solicitations to the investors from the time period of 2005-2008 is direct evidence

4  of the scheme to defraud from 2005-2012, as alleged in the indictment. *See*

5  Indictment, ECF No. 1 at ¶¶ 6-21. Thus, such evidence is not subject to Fed. R.

6  Evid. 404(b). Furthermore, as the Government correctly points out, the Court will

7  not exclude evidence of how Defendant spent or allegedly misused investor funds,

8  as such evidence is directly relevant under Fed. R. Evid. 401. *See United States v.*

9  *Booth*, 309 F.3d 566, 575 (9th Cir. 2002) (noting that circumstantial evidence of

10 the misuse of client funds was probative of both the scheme to defraud and intent

11 to defraud). Furthermore, the Court declines to exclude evidence based on the

12 correlation of Defendant's negative account balances and his solicitations to

13 investors. This evidence is both probative and relevant to the issue of materiality.

14 *See* ECF No. 1 at ¶ 20(b). Finally, contrary to Defendant's position that such

15 evidence should be excluded under Fed. R. Evid. 403, the Court finds the pre-

16 indictment evidence's probative value of Defendant's intent to defraud is not

17 substantially outweighed by a danger of unfair prejudice.

18        Based on the foregoing, the Court denies Defendant's Motion in Limine Re:

19 Pre-Indictment Investments.

20        **4.    Defendant's Motion to Dismiss or Merge Multiplicitous Counts**

21        Defendant moves the Court to dismiss all, or all but one, of the 25 counts of

22 Wire Fraud—or in the alternative, an order requiring that all of the counts be

23 merged into one. ECF No. 48.

24        Defendant points to a recent opinion holding that it was impermissible for

25 the Government to charge the sale of eagle feathers and the offer to sell eagle

26 feathers as separate offenses. *United States v. Wahchumwah*, 710 F.3d 862 (9th

27 Cir. 2013). Defendant then extrapolates this point to suggest that the protection of

28 **ORDER ADDRESSING DEFENDANT'S PRETRIAL MOTIONS AND
MEMORIALIZING THE COURT'S ORAL RULINGS * 6**

the "instrumentalities of communication" (which is the justification for charging each use of the wires as a separate offense) should be reconsidered in light of *Wahchumwah*. Defendant further argues that protection of the "instrumentalities of communication" is an archaic notion in this age of digital communication.

The Government opposes the motion and points out the Ninth Circuit has squarely addressed this issue in *United States v. Garlick*, 240 F.3d 789 (9th Cir. 2001). ECF No. 50. In *Garlick*, the Court rejected the defendant's claim of multiplicitous counts and held that each use of the wires constitutes a separate offense. 240 F.3d at 792.

Here, the Government is correct that *Garlick* controls this issue. In spite of the holding in *Wahchumwah*, and the Defendant's belief that protecting the "instrumentalities of communication" is archaic, the Ninth Circuit has expressly stated that each use of the wires constitutes a separate violation of the wire fraud statute.

Thus, Defendant's Motion to Dismiss or Merge Multiplicitous Counts is denied.

### 5.    Defendant's Motion to Continue Pretrial and Trial

On April 13, 2014, Defendant filed an expedited motion to continue pretrial and trial. ECF No. 51. Trial is presently set for May 19, 2014. Defendant asks the Court for an additional three months: (1) to process "voluminous" discovery and to organize and prepare for trial in this "complex" case, and; (2) to seek appointment of two experts, a forensic accountant, and an expert in the procurement of large scale financing. *Id.* at 2-3. He asserts that a forensic accountant is required to "analyze the extensive banking information and counter the prejudicial evidence and inferences the Government is expected to raise and emphasize about the manner in which Defendant used the funds obtained from investors." *Id.* at 4. In addition, Defendant argues an expert in the procurement of large scale funding

**ORDER ADDRESSING DEFENDANT'S PRETRIAL MOTIONS AND MEMORIALIZING THE COURT'S ORAL RULINGS * 7**

projects (e.g., ethanol production facilities as charged in the Indictment) is necessary "in order to prove that the Defendant reasonably believed the information he was receiving about the progress" made obtaining funding for the ethanol projects named in the Indictment. *Id.* at 4-5.

The Government responds in opposition, ECF No. 52, to the continuance and argues that Defendant has not satisfied the standard laid out in 18 U.S.C. § 3161(h)(7)(A). Specifically, the Government argues the motion should be denied because (1) he has possessed the details of the charges against him since June 12, 2013, and; (2) his purported expert's testimony regarding whether the Defendant's state of mind was "reasonable" (e.g., whether Defendant acted with intent to defraud; or in good faith reliance upon assurances that more funding was forthcoming from Golden Eagle) is inadmissible under Fed. R. Evid. 704(b) – as an expert witness must not state an opinion about whether the defendant did or did not have the mental state or condition that constitutes and element of the crime charged. ECF No. 52 at 5.

Factors that are relevant in determining whether or not to grant a continuance include: (1) whether the continuance would inconvenience the witnesses, the court, counsel, or the parties; (2) whether other continuances have been granted; (3) whether legitimate reasons exist for the delay; (4) whether the delay is the defendant's fault; and (5) whether a denial would prejudice the defendant. *See United States v. Fowlie*, 24 F.3d 1059, 1069 (9th Cir. 1994). In general, there is no abuse of discretion unless the denial was "arbitrary or unreasonable." *United States v. Moreland*, 622 F.3d 1147, 1158 (9th Cir. 2010).

At the pretrial hearing, the Court found a continuance was not warranted on the basis of further discovery review. Thus, the Court finds the ends of justice are not served by granting a continuance at this juncture in the proceedings where, as here, the discovery has been available to Defendant since the inception of the case.

**ORDER ADDRESSING DEFENDANT'S PRETRIAL MOTIONS AND MEMORIALIZING THE COURT'S ORAL RULINGS * 8**

Second, the Court has granted two prior continuances on 7/30/13 and 11/12/13, based on similar requests. *See* ECF Nos. 27, 43. In addition, the Government has aided Defendant by furnishing a detailed index to all of the documents provided with Bates number references, including voluntarily providing other detailed summaries and indexes (such as a spreadsheet with the dates and amounts of all investments) and providing Defendant with a "reverse proffer" PowerPoint which highlighted the key aspects of the Government's case. *See* ECF Nos. 47-1 and 50.

At the pretrial hearing, the Court also permitted Defendant to retain a forensic accountant to track the funds received and to prepare a report based on Defendant's bank records (currently in the possession of Defense Counsel) to analyze how investor funds were spent and utilized from 2005-2008. The Court also ordered Defendant to disclose the expert's report to the Government and Court, on or before May 12, 2014. The Court then denied Defendant's request for an expert in large scale financing projects, noting that such testimony would likely not be admissible.

However, the Court also found a continuance was not warranted on the basis of the newly appointed forensic accountant, as the request for either expert should have been requested earlier in the case. Further, the Court now finds the denial of the continuance on this basis will not prejudice the Defendant, as the Government is not calling an expert to testify regarding Defendant's bank records.

In sum, Defendant's Motion to Continue Pretrial and Trial is denied.

Accordingly, **IT IS HEREBY ORDERED**:

1. Defendant's Motion for Bill of Particulars, ECF No. 45, is **DENIED**.

2. Defendant's Motion to Dismiss Wire Fraud Counts 1 to 25, ECF No. 46, is **DENIED**.

**ORDER ADDRESSING DEFENDANT'S PRETRIAL MOTIONS AND MEMORIALIZING THE COURT'S ORAL RULINGS * 9**

3. Defendant's Motion in Limine Regarding Pre-Indictment Investments, ECF No. 47, is **DENIED**.

4. Defendant's Motion to Dismiss or Merge Multiplicitous Counts, ECF No. 48, is **DENIED**.

5. Defendant's Motion to Continue Pretrial and Trial, ECF No. 51, is **DENIED**.

6. Defendant shall disclose the forensic accountant's report to the Government and Court, **on or before May 12, 2014.**

**IT IS SO ORDERED.** The District Court Executive is directed to enter this Order and forward copies to counsel.

**DATED** this 22nd day of April, 2014.

_s/Robert H. Whaley_
ROBERT H. WHALEY
Senior United States District Judge

**ORDER ADDRESSING DEFENDANT'S PRETRIAL MOTIONS AND MEMORIALIZING THE COURT'S ORAL RULINGS * 10**